# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**KEITH HIGGINBOTHAM**                                                **PLAINTIFF**

**v.**                                                        **Civil Action No. 1:22-cv-197-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                         **DEFENDANT**

## ORDER ON PETITION FOR ATTORNEY FEES

Before the Court are Plaintiff's motion [19] for attorney fees pursuant to 42 U.S.C. § 406(b), and Defendant's response [21]. For the reasons that follow, the motion will be granted.

In these proceedings, Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. This Court's Order [15] reversed the Commissioner's decision and remanded to the Social Security Administration on May 25, 2023, for further proceedings. Plaintiff's counsel was awarded a fee of $5,490.77 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), by Order [18] dated July 26, 2023.

Following the Court's reversal and remand, the Commissioner issued a favorable decision and, on January 27, 2025, issued a Notice of Award of past-due benefits in the amount of $68,219.00. As provided by a contingency fee agreement, Plaintiff now seeks approval under Section 406(b) to pay his attorney fees, which represent 25 percent of the past-due benefits he received.

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorney fees for representing a claimant in administrative

1

proceedings, Section 406(b) governs the award of attorney fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

Fees under Section 406(b) satisfy a client's obligation to his counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). Section 406(b), however, "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 806-807. Nevertheless, agreements that provide for fees exceeding 25 percent of past-due benefits are unenforceable. *Id.* But even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fee to the claimant. *Id.* at 796.

Plaintiff, through his motion, sought attorney fees in the amount of $4,363.98 from benefits withheld by the Agency from his past-due benefits. In support of the motion, counsel has presented a contingency fee agreement, signed by Plaintiff, wherein Plaintiff contracted with his counsel to pay 25 percent of his past-due benefits for legal representation at the federal court level. Counsel's requested award of $4,363.98 is equal to 25% of the fee award ($17,054.75)

minus the amount previously awarded to Plaintiff's counsel under the Equal Access to Justice Act ($5,490.77) and the amount approved for attorney fees for work approved at the administrative level ($7,200.00). Counsel for Plaintiff is an experienced Social Security attorney, achieved a fully favorable result for her client before this Court and before the Agency, and has not been responsible for any delay in this matter. The Fifth Circuit Court of Appeals and district courts in this circuit have acknowledged the contingent nature or high risk of loss inherent in Social Security appeals. *See Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010). This combination of factors weighs in favor of a finding that the fee request is reasonable in this case.

The Court, having thoroughly considered the motion and the applicable law, and noting that the defendant does not oppose the award of attorney fees, finds the award is reasonable, and no special circumstance would make the award unjust.

Therefore, it is ordered that the Commissioner shall promptly pay Plaintiff $4,363.98 in attorney fees for the benefit of his counsel.

**SO ORDERED**, this the 10th day of February, 2025.

>  */s/* Jane M. Virden
>  **UNITED STATES MAGISTRATE JUDGE**